**Order filed August 29, 2014**



In The

# Eleventh Court of Appeals

——————

## No. 11-14-00095-CR

——————

**ROCKY RICK CASTRO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 106th District Court**
**Dawson County, Texas**
**Trial Court Cause No. 13-7305**

### O R D E R

Appellant, Rocky Rick Castro, timely filed a pro se notice of appeal from his convictions for the offenses of continuous sexual abuse of a young child and indecency with a child. The clerk's record and the reporter's record are now past due. On July 25, 2014, Appellant filed the following documents in the district clerk's office: a request to prepare the clerk's record and the reporter's record and a

designation of record on appeal.  In both the request and the designation, Appellant indicated that he was indigent.  We abate the appeal.

An indigent criminal defendant has a constitutional right to a free appellate record in a first appeal of right.  *See Griffin v. Illinois*, 351 U.S. 12, 18–19 (1956); *Abdnor v. State*, 712 S.W.2d 136, 139 (Tex. Crim. App. 1986).  The determination of indigence for this purpose is based upon the financial status of the appellant at the time of the appeal, not the trial, and implicates the personal financial condition of the appellant, not that of his parents or other relatives.  *Abdnor*, 712 S.W.2d at 142.  "Outside sources such as relatives . . . are not to be considered unless they are legally bound to pay for defendant's appellate expenses."  *Id.*  We note that Appellant was represented by retained counsel at trial but that Appellant's trial counsel has not been retained to represent Appellant in this appeal.  However, an appellant cannot be deprived of his right to a free record on appeal by the mere fact that he was represented by retained counsel at trial.  *Id.*  We abate the appeal so that the trial court, who is in the best position to make such determinations, may resolve the issues surrounding Appellant's asserted indigence.  *See McFatridge v. State*, 309 S.W.3d 1 (Tex. Crim. App. 2010).

The trial court is directed to conduct a hearing on or before September 30, 2014, to determine the following:

1.  Whether Appellant desires to prosecute his appeal;

2.  Whether Appellant is indigent; and

3.  If indigent, whether Appellant is entitled to a free appellate record.

In the interest of judicial economy and to avoid the necessity of a second abatement in the future, the trial court is also directed to address the issue of appellate counsel and determine the following:

1.  Whether Appellant has retained counsel for this appeal; and

2. If Appellant is indigent, whether he desires to have counsel appointed to represent him in this appeal or whether, after being warned of the dangers and disadvantages of self-representation, he competently and intelligently chooses to exercise the right to represent himself.

*See Faretta v. California*, 422 U.S. 806 (1975).

The trial court is requested to make appropriate findings and recommendations and to appoint counsel if appropriate. Appellant's proof of indigence at the hearing may be had by affidavit alone. *See* TEX. R. APP. P. 20.2; *Abdnor*, 712 S.W.2d at 142–43. If it is determined that Appellant is indigent and is entitled to a free appellate record, the clerk's record and the reporter's record from the trial are due for filing in this court immediately.

The clerk of the trial court is directed to prepare and forward to this court a supplemental clerk's record containing the findings, recommendations, and any orders of the trial court regarding Appellant's indigence or the appointment of counsel. The court reporter is directed to prepare and forward to this court the reporter's record from the hearing. These records are due to be filed in this court on or before September 30, 2014.

The appeal is abated.

PER CURIAM

August 29, 2014

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

3